IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT THE UNIVERSITY OF HOUSTON, et al., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 1:24-CV-523-RP |
| GREG ABBOTT, *in his official capacity only as the Governor of the State of Texas*, et al., | § § § | |
| Defendants. | § § | |

---

## DEFENDANTS' MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

---

Defendants collectively[1] move the Court to extend their deadline to file a response to Plaintiffs' Motion for a Preliminary Injunction (Doc. 21) by three weeks, through August 6, 2024, pursuant to Federal Rule of Civil Procedure 6(b). Undersigned counsel has conferred with Plaintiffs' counsel regarding this motion, and Plaintiffs are opposed to any extension beyond a week.

### I.  Background

Plaintiffs filed their Complaint on May 16, 2024. (Doc. 1). On May 30, counsel accepted service of Plaintiffs' Complaint for all then-unserved Defendants, and Plaintiffs correspondingly agreed to a single response deadline for Defendants of July 29. The Court granted Defendants' unopposed motion and set the deadline for answering Plaintiffs' Complaint for July 29. (Doc. 17).

---

[1] University of Texas at Austin President Jay Hartzell, whom Plaintiffs named as a Defendant in their Amended Complaint, (Doc. 20), does not join the other Defendants on this motion because Plaintiffs have yet to request a summons or serve him, and so he has not entered this case. *See* Fed. R. Civ. P. 4(b) & (c).

On July 2, immediately before a federal holiday and a weekend where many Americans are traveling, Plaintiffs filed an Amended Complaint (Doc. 20) and a Motion for a Preliminary Injunction (Doc. 21). Plaintiffs' Amended Complaint names an additional Plaintiff, Palestine Solidary Committee at University of Texas at Austin, an additional Defendant, President Hartzell in both his individual and official capacities, and adds an additional claim against President Hartzell only. (Doc. 20). Plaintiffs have also added individual-capacity claims against the University of Texas System Board of Regents members. (*Id.*). Plaintiffs' Motion for a Preliminary Injunction (Doc. 21) seeks relief from all Defendants—apparently including President Hartzell, whom they have not bothered to serve before seeking relief against him.

On July 3, undersigned counsel conferred with Plaintiffs' counsel about extending Defendants' deadline to respond to Plaintiffs' Motion for a Preliminary Injunction by three weeks, with a responsive deadline of August 6. Plaintiffs' counsel stated that Plaintiffs would agree only to an extension of one week. When pressed for an explanation of some kind for why Plaintiffs opposed a longer extension, Plaintiffs' counsel offered none.

## II.   The Court Should Grant Defendants' Request for a Reasonable Extension of Time to Respond to Plaintiffs' Motion for a Preliminary Injunction.

There is ample good cause for extending the deadline for Defendants to respond to Plaintiffs' preliminary-injunction motion. *See* Fed. R. Civ. P. 6(b)(1)(A). ***First***, Plaintiffs filed their motion for a preliminary injunction immediately before a federal holiday and a weekend where many people, including undersigned counsel, will be traveling. Undersigned counsel will not be available to use the next several days to prepare a response because counsel is travelling out of town, not only for personal reasons, but also to present oral argument to the United States Court of Appeals for the Fifth Circuit on July 8. Thus, counsel must dedicate any available time to prepare for that argument and will not be able to begin working on a response to Plaintiffs' motion until he returns from New Orleans.

*Second*, Plaintiffs have sued numerous Defendants, many in both their official and individual capacities, (Doc. 20), and seek a preliminary injunction requiring the Court to evaluate the likelihood of Plaintiffs' success on the merits, among other considerations. That inquiry requires Defendants to brief, and the Court to consider, the substance of Plaintiffs' First Amendment claims, sovereign and qualified immunity arguments pertaining to the numerous different Defendants whom Plaintiffs have chosen to sue, and Plaintiffs' standing on different claims against different Defendants. After all, the Court must first assess jurisdiction, "for without proper jurisdiction, a court cannot proceed at all." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998). Needless to say, it will take time for Defendants to prepare a response to Plaintiffs' motion—a task made more difficult by Plaintiffs' inclusion of several Defendants for whom they have no plausible argument for jurisdiction.

*Third*, considerations of sound case management also definitively favor extending the deadline for Defendants' response as requested. Defendants have yet to answer Plaintiffs' Complaint and have a deadline of July 29 for doing so. Even so, Plaintiffs apparently ask this Court to resolve the merits of this case before Defendants' answer is even due, depriving Defendants of their allotted time to consider and brief defenses and to gather facts. Plaintiffs also will suffer no undue prejudice from a reasonable extension of time for Defendants to respond to their motion.

## III.   Conclusion

Defendants respectfully request that the Court extend the deadline for filling a response to Plaintiffs' Motion for a Preliminary Injunction through August 6, 2024.

Dated: July 3, 2024                                Respectfully submitted,
       Austin, Texas

**KEN PAXTON**                          */s/ Cole P. Wilson*
Attorney General of Texas               **COLE P. WILSON**
                                        Assistant Attorney General
**BRENT WEBSTER**                       Attorney-in-charge
First Assistant Attorney General        Texas State Bar No. 24122856
                                        Cole.Wilson@oag.texas.gov

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Chief, General Litigation Division




**RALPH MOLINA**
Deputy Attorney General for Legal Strategy

**RYAN WALTERS**
Chief, Special Litigation Division

**TODD DICKERSON**
Assistant Attorney General
Texas State Bar No. 24118368
Todd.Dickerson@oag.texas.gov

Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1309 | Fax: (512) 320-0667

**JACOB E. PRZADA**
Special Counsel
Texas State Bar No. 24125371
Jacob.Przada@oag.texas.gov

Office of the Attorney General
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2100

*Counsel for Defendants*

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that the parties have conferred regarding the relief requested in this motion, and that Plaintiffs are opposed.

*/s/ Cole P. Wilson*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served on all counsel of record on July 3, 2024, using the Federal Court CM/ECF system.

*/s/ Cole P. Wilson*