IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT THE UNIVERSITY OF HOUSTON, et al., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 1:24-CV-523-RP |
| GREG ABBOTT, *in his official capacity only as the Governor of the State of Texas*, et al., | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' UNOPPOSED OMNIBUS HOUSEKEEPING MOTION

Defendants move the Court to extend the page limit for their motion to dismiss Plaintiffs' Amended Complaint, and to permit Defendants to freely adopt by reference portions of their motion to dismiss into a response to Plaintiffs' motion for a preliminary injunction. Undersigned counsel has conferred with Plaintiffs' counsel regarding the relief requested in this motion, and Plaintiffs are unopposed to any page limit extensions. Plaintiffs take no position on Defendants' request to freely adopt by reference briefing on overlapping issues, but suggest that the facts for each brief should stand on their own. Plaintiffs also take no position on Defendants' request to format all footnotes with single-spacing and in 10-point font.

1. Plaintiffs filed their Amended Complaint (Dkt. 20) and Motion for Preliminary Injunction and Memorandum in Support (Dkt. 21) on July 2, 2024. Currently, Defendants must respond to both by August 19, 2024.

2. Because of the breadth of Plaintiffs' allegations, the number of parties involved, and the complexity and significance of the issues implicated by Plaintiffs' suit, Defendants seek leave

to file a single omnibus motion to dismiss Plaintiffs' Amended Complaint in excess of the Court's 20-page default page limit. *See* Local Rule CV-7(c)(2). Specifically, Defendants seek leave to file a single combined motion to dismiss of 60 pages, exclusive of the caption, tables of contents and authorities, signature block, certificates, and accompanying documents.

3. Plaintiffs are unopposed to this request.

4. Second, Defendants also ask that the Court permit them to uniformly format footnotes as single-spaced and in 10-point font in their motion to dismiss and response to Plaintiffs' motion for a preliminary injunction. *See* Local Rule CV-10(a).

5. Plaintiffs take no position on this request.

6. Finally, because many of the arguments that Defendants make in response to Plaintiffs' motion for a preliminary injunction overlap with those they will present in their motion to dismiss, Defendants ask that the Court permit Defendants to freely adopt statements from their motion to dismiss by reference into their response to Plaintiffs' motion seeking injunctive relief.

7. Federal Rule of Civil Procedure 10(c) permits adoption by reference of a statement in a pleading into motions filed in the same case, but does not expressly permit adoption by reference of statements from one motion or response into another. *See Muttathottil v. Mansfield*, 381 F. App'x. 454, 456–57 (5th Cir. 2010) (explaining basic operation of Fed. R. Civ. P. 10(c)). Nevertheless, some federal courts permit litigants to adopt statements by reference from prior motions into subsequent motions or responses in that same action. *See* Wright & Miller, *5A Fed. Prac. & Proc. Civ.* § 1326 (4th ed.) (explaining the practice and collecting cases supporting the proposition).

8. Defendants make this request to avoid providing the Court with needlessly duplicative briefing and background facts, and to focus the points at issue on Plaintiffs' motion for a preliminary injunction that must be analyzed distinctly from the points that Defendants intend to raise in their motion to dismiss. If the Court grants this request, then Defendants would ask for

leave to file a single response to Plaintiffs' motion for a preliminary injunction of 35 pages, exclusive of the caption, tables of contents and authorities, signature block, certificates, and accompanying documents.

9. In the alternative, should the Court deny Defendants' request for leave to freely adopt by reference statements from their motion to dismiss into their response Plaintiffs' motion for a preliminary injunction, then Defendants ask that the Court grant them leave to file a response of 50 pages, exclusive of the caption, tables of contents and authorities, signature blocks, certificates, and accompanying documents.

10. As indicated above, Plaintiffs take no position on Defendants' request to adopt by reference briefing on the overlapping issues from Defendants' motion to dismiss into their response to Plaintiffs' motion, though their counsel stated that the facts in each brief should stand on their own.

WHEREFORE, Defendants respectfully request that the Court grant this motion, and grant Defendants leave to:

(1) exceed the Court's default page limit and file a single omnibus motion to dismiss of 60 pages exclusive of the caption, tables of contents and authorities, signature block, certificates, and accompanying documents;

(2) to freely adopt statements by reference from their motion to dismiss into their response to Plaintiffs' motion for a preliminary injunction; and

(3) to exceed the Court's default page limit and file a single omnibus response of 35 pages to Plaintiffs' motion for a preliminary injunction, exclusive of the caption, tables of contents and authorities, signature block, certificates, and accompanying documents, or 50 pages in the event the Court does not permit Defendants to freely adopt statements by reference from their motion to dismiss.

Dated: August 8, 2024  Respectfully submitted.
Austin, Texas

| | |
|---|---|
| **KEN PAXTON**<br>Attorney General of Texas | */s/ Cole P. Wilson*<br>**COLE P. WILSON**<br>Assistant Attorney General<br>Attorney-in-charge<br>Texas State Bar No. 24122856<br>Cole.Wilson@oag.texas.gov |
| **BRENT WEBSTER**<br>First Assistant Attorney General | |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | **TODD DICKERSON**<br>Assistant Attorney General<br>Texas State Bar No. 24118368<br>Todd.Dickerson@oag.texas.gov |
| **JAMES LLOYD**<br>Deputy Attorney General for Civil Litigation | |
| **KIMBERLY GDULA**<br>Chief, General Litigation Division | Office of the Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 936-1309 \| Fax: (512) 320-0667 |
| **RYAN WALTERS**<br>Chief, Special Litigation Division | **JACOB E. PRZADA**<br>Special Counsel<br>Texas State Bar No. 24125371<br>Jacob.Przada@oag.texas.gov |
| | Office of the Attorney General<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 463-2100 |
| | *Counsel for Defendants* |

## CERTIFICATE OF CONFERENCE

I certify that the parties have conferred regarding the relief requested in this motion, and that Plaintiffs are unopposed to Defendants' request for extensions to the Court's default page-limit, but take no position on Defendants' other requests for relief, with the caveat that Plaintiffs believe that the facts in Defendants' motion to dismiss and response to Plaintiffs' motion for a preliminary injunction should stand on their own.

*/s/ Cole P. Wilson*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record on August 8, 2024, using the Federal Court CM/ECF system.

*/s/ Cole P. Wilson*