**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE, AT THE UNIVERSITY OF HOUSTON, ET AL., | Civil Action No. 1:24-cv-00523 |
| *Plaintiffs,* | Hon. Judge Robert Pitman |
| v. | |
| ABBOTT, ET AL., | |
| *Defendant.* | |

**UNOPPOSED MOTION OF THE NATIONAL JEWISH ADVOCACY CENTER AND THE ISRAELI-AMERICAN COALITION FOR ACTION FOR LEAVE TO FILE A BRIEF AS *AMICI CURAIE* IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

1

The National Jewish Advocacy Center ("NJAC") and The Israeli-American Coalition for Action ("IAC for Action") respectfully move pursuant to Local Rule CV-7, for leave to file a brief as *amici curiae* in support of Defendants' pending Motion to Dismiss. The proposed amici brief is attached as Exhibit A.  Both Plaintiffs and Defendants have consented to the filing of this brief.

This Court has broad discretion to permit the filing of this amici brief. *Cina v. Cemex, Inc.*, 4:23-cv-00117, 2023 WL 5493814, at 1 (S.D. Texas 2023). "The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court." *Sierra Club v. Fed. Emergency Mgmt. Agency,* 2007 WL 3472851 at *1 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York,* 162 F.R.D. 34, 36 (M.D. Pa. 1995)). "[N]o statute, rule or controlling case defining a federal district court's power to grant or deny leave to file an amicus brief." *Abu-Jamal v. Horn*, 2000 WL 1100784, at *3 (E.D. Pa. 2000).

"The extent to which the court permits or denies amicus briefing lies solely within the court's discretion... Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is "timely and useful" or otherwise necessary to the administration of justice." *United States of America ex rel. Ramesh Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007) (quoting *Waste Management of Pa. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)); *see also Does 1-7 v. Round Rock Independent School Dist.,* 540 F.Supp.2d 735, 739 n.2 (W.D. Tex. 2007) (citation omitted).

NJAC and IAC for Action's proffered *amici* brief is both timely and helpful.

## TIMELINESS

In ascertaining the timeliness of a motion for leave to file a brief as amici curiae, district courts typically look to Rule 29 of the Federal Rules of Appellate Procedure. "Neither in our Rules

nor in our Internal Operating Procedures do we have any provisions pertaining to the filing of briefs of amicus curiae, though hundreds if not thousands of amici briefs have been filed over the years. The only relevant rule on the subject is Rule 29 of the Federal Rules of Appellate Procedure." *American College of Obstetricians & Gynecologists v. Thornburgh*, 699 F.2d 644, 646 (3rd Cir. 1983).

Rule 29 requires *amicus curiae* to file a brief "no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). In the instant case, NJAC and IAC for Action file this Motion For Leave prior to Plaintiffs filing an opposition to Defendants' Motion to Dismiss, filed August 19, 2024. Accordingly, Plaintiffs will have ample time to respond to the brief without suffering any prejudice or inconvenience thereby.

## HELPFULNESS

NJAC and IAC for Action clearly have a special interest and a unique expertise in the subject matter of this suit. NJAC's President and the principal contributor to its preferred brief is a law professor and the who regularly writes and teaches about the International Holocaust Remembrance Alliance ("IHRA") definition of antisemitism and its applicability and scope. He has also provided vital assistance and guidance as an expert resource and witness for the drafting and passage of IHRA-related antisemitism legislation in over thirty states. The definitional reach of IHRA, its objectives, limitations, and its utility are central to the merits of this case in connection with GA-44's requirement that Texas institutions of higher education adopt the definition of antisemitism into their free speech policies. NJAC and IAC for Action's expert on the matter is the expert of first resort for virtually any and all legislative bodies deliberating the adoption of IHRA's definition of antisemitism and NJAC and IAC for Action is devoted to the adoption of a

uniform definition of antisemitism and the enforcement of Title VI protection on school campuses nationwide.

NJAC and IAC for Action's mission is to use its expertise and resources to engage in impactful legal work that not only vindicate the immediate advocacy needs to the Jewish community but seeks to engage in precedent-setting legal work that provides guidance to any and all denominations seeking to enforce their civil rights protections. NJAC and IAC for Action further provides litigation coordination resources for practices nationwide as well as research, guidance and advocacy to professional associations, concerned parents, teachers, professors and students and is at the forefront of challenging the efforts of designated foreign terrorist organizations infiltrating U.S. campuses as it still seeks, as here, to uphold the First Amendment of students pursuant to legal guidelines.

While NJAC and IAC for Action are certain that its brief will be of help to the Court, the tradition of erring on the side of accepting unique expert input further compels the granting of this motion. *"If an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief." Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (*quoting Neonatology Assocs., P.A. v. Commissioner,* 293 F.3d 128, 133 (3d Cir. 2002)). *"On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance. So we would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." Id.* With respect to the brief of the herein movants, amici seek to introduce a resource that will be of assistance.

For these reasons, NJAC and IAC for Action respectfully request that the Court grant its motion for leave to participate as *amici curiae* and accept the proposed amicus brief, which is attached as Exhibit A to this motion.

Dated: August 26, 2024

Respectfully submitted:

HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK

*/s/ Dallin B. Holt*
Dallin B. Holt
Texas Bar No. 24099466
2555 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone:  602-388-1262
dholt@holtzmanvogel.com

*Counsel for The National Jewish Advocacy and Israeli-American Coalition for Action*

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(G), the undersigned hereby declares that counsel for the proposed amici has conferred with counsel for both Plaintiffs and Defendants. Neither party opposes the filing of the amici brief attached hereto as Exhibit A.

Dated: August 26, 2024                    Respectfully submitted:

HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK

*/s/ Dallin B. Holt*
Dallin B. Holt
Texas Bar No. 24099466
2555 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone:  602-388-1262
dholt@holtzmanvogel.com

*Counsel for The National Jewish Advocacy and Israeli-American Coalition for Action*

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that, on this 26th day of August 2024, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Dallin B. Holt*
Dallin B. Holt

*Counsel for The National Jewish Advocacy and Israeli-American Coalition for Action*