IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT THE UNIVERSITY OF HOUSTON, et al., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 1:24-CV-523-RP |
| GREG ABBOTT, *in his official capacity only as the Governor of the State of Texas*, et al., | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO ENLARGE THE PAGE LIMIT FOR THEIR PRELIMINARY INJUNCTION REPLY**

Plaintiffs move the Court to expand the page limit for their reply brief to 45 pages from the Court's default limitation of 10, *see* Local Rule CV-7(E)(3), though Plaintiffs mistakenly say that the Court's local rules permit reply briefs of 20 pages. (Dkt. 37, ¶ 2). Plaintiffs also suggest they are using their reply to improperly respond to Defendants' motion to dismiss as well as Defendants' response in opposition to Plaintiffs' motion for a preliminary injunction (*Id.*). Lastly, Plaintiffs tell the Court that Defendants are opposed to their motion for page enlargement, but that is not exactly true.

Originally, Defendants opposed Plaintiffs' request for a page enlargement only because Plaintiffs' counsel had explained their intention to use additional pages in a reply to improperly introduce and discuss new evidence and issues that Plaintiffs neglected to raise with the Court in their motion. Upon review, Plaintiffs' proposed reply *does* improperly cover new ground and attempt to introduce new evidence, but Defendants believe that these new items and arguments are better addressed through a brief surreply. Defendants therefore do not oppose Plaintiffs' request for a page limit extension, but will seek leave to file a brief surreply within a reasonable amount of time so that

the Court receives adequate briefing on these new items and arguments that Plaintiffs wish to put before the Court for the first time on their reply. Undersigned counsel will be traveling out of town this week on a preplanned vacation and will be unavailable to submit that surreply until next week.

Dated: August 27, 2024  
       Austin, Texas

Respectfully submitted,

| | |
|---|---|
| **KEN PAXTON**<br>Attorney General of Texas | */s/ Cole P. Wilson*<br>**COLE P. WILSON**<br>Assistant Attorney General |
| **BRENT WEBSTER**<br>First Assistant Attorney General | Attorney-in-charge<br>Texas State Bar No. 24122856<br>Cole.Wilson@oag.texas.gov |
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | **TODD DICKERSON**<br>Assistant Attorney General |
| **JAMES LLOYD**<br>Deputy Attorney General for Civil Litigation | Texas State Bar No. 24118368<br>Todd.Dickerson@oag.texas.gov |
| **KIMBERLY GDULA**<br>Chief, General Litigation Division | Office of the Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 936-1309 \| Fax: (512) 320-0667 |
| **RYAN WALTERS**<br>Chief, Special Litigation Division | **JACOB E. PRZADA**<br>Special Counsel<br>Texas State Bar No. 24125371<br>Jacob.Przada@oag.texas.gov |
| | Office of the Attorney General<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 463-2100 |
| | ***Counsel for Defendants*** |

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on all counsel of record on August 27, 2024, using the Federal Court CM/ECF system.

*/s/ Cole P. Wilson*