IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|  |  |  |
|---|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE AT THE UNIVERSITY OF HOUSTON, et al., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 1:24-CV-523-RP |
| GREG ABBOTT, *in his official capacity only as the Governor of the State of Texas*, et al., | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AND REPLACE DKT. 38-3

In their motion, Plaintiffs ask the Court to strike Exhibit C to their reply in support of their request for a preliminary injunction (Dkt. 38-3) with an executed version, which they forgot to attach as an exhibit and which the Court therefore cannot assess. In support, Plaintiffs say their attorneys mistakenly filed Ms. Homsi's affidavit without her signature, but what they neglect to tell the Court is that the version they now wish to submit is signed and dated September 6, 2024—almost two weeks after they submitted their reply brief. Nevertheless, Defendants explained they were unopposed to Plaintiffs' request insofar as Plaintiffs included a brief statement on behalf of Defendants expressing some additional concerns with the affidavit. Plaintiffs refused to do so, filing their motion as opposed and improperly including new merits arguments in support of their request for an injunction.

### ARGUMENT

Because Plaintiffs cannot realistically justify their delay in filing Ms. Homsi's signed affidavit, *in support of a reply brief*, they focus on asserting that their delay caused Defendants no prejudice. This is not a serious point, as had Plaintiffs included properly-sworn statements from Ms. Homsi to begin

with, then Defendants would have used their surreply to point out additional concerns not worth raising when Ms. Homsi's statements were unsworn and thus inadmissible.

In fact, as undersigned counsel previously explained, Defendants did not oppose Plaintiffs' request to replace the unsigned version of Ms. Homsi's affidavit with the signed version they previously shared by email so long as Plaintiffs agreed to include a brief statement on behalf of Defendants pointing out some issues Defendants identified with Ms. Homsi's newly sworn statements. Counsel asked Plaintiffs to do this to eliminate the prejudice that Plaintiffs' delayed submission created, but Plaintiffs refused to do so and now maintain they have caused no prejudice.

Plaintiffs also improperly use their motion to strike and replace Dkt. 38-3 as yet another opportunity to argue in support of their request for a preliminary injunction. They raise two points, but neither has any merit to it.

*First*, Plaintiffs argue that Ms. Homsi's affidavit "directly contradicts claims by Ms. Soucy about the nature of the April 24th protest and the reasons Defendants chose to cancel the protest . . . ." Dkt. 57, p.1. Plaintiffs do not identify any specific statements in Ms. Soucy's declaration that Ms. Homsi is able to contradict. For that matter, Ms. Homsi has no apparent basis for her claim to know why UT Austin officials acted, at least not in the absence of statements by those officials, which she also does not identify. Indeed, Plaintiffs cannot genuinely claim that Ms. Homsi knows why UT Austin officials acted better than those officials know themselves, but that appears to be the point they are making. While Ms. Homsi states her view of the intentions and state of mind of various other people, the findings of UT Austin's investigation(s), and the experiences that *others* had, she has no apparent foundation for her claimed omniscience. The Court should disregard all such statements from Ms. Homsi. *See* Fed. R. Evid. 602.

*Second*, Plaintiffs also claim that Ms. Homsi's affidavit *shows* that "PSC-UT did not erect an encampment, did not block campus walkways or otherwise violate institutional rules." Dkt. 57, pp. 1–

2. But as Plaintiffs appear to recognize, Defendants submitted video evidence for the Court's consideration. Comparing that evidence with Ms. Homsi's affidavit, the Court "'should not . . . rely on such visible fiction' and should 'view the facts in the light depicted by the videotape.'" *Garcia v. Orta*, 47 F.4th 343, 350 (5th Cir. 2022) (quoting *Scott v. Harris*, 550 U.S. 372, 380–81 (2007)) (cleaned up).[1] That video evidence plainly depicts an encampment at PSC-UT's event, it shows those protestors blocking campus walkways and disrupting classes, and it shows conduct violating UT Austin's Institutional Rules—no matter what PSC-UT claims its members intended to do.

## CONCLUSION

Defendants do not oppose Plaintiffs' motion so long as they refile with the exhibit they wish to replace Dkt. 38-3 so the Court and Defendants may assess it. Once Plaintiffs do so, and assuming the attachment matches what Plaintiffs have previously shared with Defendants by email, then Defendants will be unopposed to that request but ask the Court to consider the arguments Defendants outline above in assessing Ms. Homsi's sworn statements in conjunction with the remainder of the parties' briefing on Plaintiffs' request for an injunction. Specifically, Defendants ask the Court to consider Ms. Homsi's various assertions in light of the knowledge she cannot plausibly claim to have, in light of the greater knowledge and understanding that Defendants' declarants have over institutional policies and their own conduct, and in light of video evidence contradicting Ms. Homsi's claims.

Dated: September 24, 2024  
       Austin, Texas

Respectfully submitted,

**KEN PAXTON**  
Attorney General of Texas

**BRENT WEBSTER**  
First Assistant Attorney General

*/s/ Cole P. Wilson*  
**COLE P. WILSON**  
Assistant Attorney General  
Attorney-in-charge  
Texas State Bar No. 24122856  
Cole.Wilson@oag.texas.gov

---

[1] Although *Garcia* and *Scott* involve the evaluation of evidence at summary judgment, the same principles should extend to the preliminary injunction context as well, and the Court should not credit Ms. Homsi's sworn allegations when video evidence plainly contradicts them.

| | |
|---|---|
| **RALPH MOLINA**<br>Deputy First Assistant Attorney General | **TODD DICKERSON**<br>Assistant Attorney General<br>Texas State Bar No. 24118368 |
| **JAMES LLOYD**<br>Deputy Attorney General for Civil Litigation | Todd.Dickerson@oag.texas.gov |
| **KIMBERLY GDULA**<br>Chief, General Litigation Division | Office of the Attorney General<br>General Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 936-1309 | Fax: (512) 320-0667 |
| **RYAN WALTERS**<br>Chief, Special Litigation Division | **JACOB E. PRZADA**<br>Special Counsel<br>Texas State Bar No. 24125371<br>Jacob.Przada@oag.texas.gov |
| | Office of the Attorney General<br>Special Litigation Division<br>P.O. Box 12548, Capitol Station<br>Austin, Texas 78711-2548<br>(512) 463-2100 |

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on all counsel of record on September 24, 2024, using the Federal Court CM/ECF system.

/s/ Cole P. Wilson