IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUDENTS FOR JUSTICE IN PALESTINE, AT THE UNIVERSITY OF HOUSTON, et al., | § § § § § | |
| Plaintiffs, | | |
| v. | § | 1:24-CV-523-RP |
| GREG ABBOTT, *in his official capacity only as the Governor of the State of Texas*, et al., | § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court are three motions for leave to file briefs as amicus curiae, filed by The Louis D. Brandeis Center for Human Rights Under Law (the "Brandeis Center"), (Dkt. 34); The National Jewish Advocacy Center ("NJAC") and The Israeli-American Coalition for Action ("IAC for Action"), (Dkt. 39); and The Middle East Forum ("MEF"), (Dkt. 40).

Defendants are not opposed to the relief sought in the Brandeis Center's motion. (Dkt. 34, at 2). Plaintiffs have taken no position regarding the relief requested in the Brandeis Center's motion. (*Id.*). No party filed a response in opposition to the motion.

Both Plaintiffs and Defendants have consented to the filing of the NJAC and IAC for Action's motion. (Dkt. 39, at 2). No party filed a response in opposition to the motion.

Defendants consent to the filing of the MEF's brief. (Dkt. 40, at 1). Plaintiffs filed a response in opposition, (Dkt. 45), and the MEF filed a reply, (Dkt. 47).

Generally, courts have "broad discretion" to admit an amicus curiae. *In re Halo Wireless, Inc.*, 684 F.3d 581, 595-96 (5th Cir. 2012). "Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *Id.* at 596 (quoting *Nat'l Org. for Women, Inc. v. Scheilder*, 223 F.3d 615, 616 (7th Cir. 2000)). Nonetheless, "acceptance of an . . . amicus

curiae should be allowed only sparingly, unless the amicus has a special interest, or unless the Court feels that existing counsel need assistance." *Evanston Ins. Co. v. Rodriguez Eng'g Lab'ys*, 2023 WL 379277, at *1 (W.D. Tex. Jan. 20, 2023) (quoting *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988)). "Generally, the function of an amicus brief is to aid the court with matters apparent on the record or matters of practice that may otherwise escape the Court's consideration." *United States v. Holy Land Found. For Relief & Dev.*, 2009 WL 10680203, at *2 (N.D. Tex. July 1, 2009), rev'd on other grounds, 624 F.3d 685 (5th Cir. 2010) "An amicus brief is proper when it assists the judge by presenting aspects of ideas, arguments, theories, facts or data that are not in the parties' briefs." *Id.* The Court has "discretion to consider 'amicus' briefing where 'the proffered information is 'timely and useful' or otherwise necessary to the administration of justice.'" *Does 1-7 v. Round Rock Indep. Sch. Dist.*, 540 F. Supp. 2d 735, 739 n.2 (W.D. Tex. 2007).

Applying these principles, the Court finds that the motions for leave should be granted. Accordingly, **IT IS ORDERED** that the motions for leave to file an amicus brief by the Brandeis Center, (Dkt. 34); the NJAC and the IAC for Action, (Dkt. 39); and the MEF, (Dkt. 40), are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the attached amicus briefs, (Dkts. 34-1, 39-1, and 40-1).

**SIGNED** on October 8, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE