IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **STUDENTS FOR JUSTICE IN** | § | |
| **PALESTINE, AT THE UNIVERSITY** | § | |
| **OF HOUSTON,** *et al.*, | § | |
| *Plaintiffs*, | § | No.  1:24-CV-00523-RP |
| | § | |
| v. | § | |
| | § | |
| **TILMAN FERTITTA,** *et al.*, | § | |
| *Defendants.* | § | |

---

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

---

Defendants[1] respectfully file this Answer to Plaintiff's Amended Complaint for Damages, Declaratory, and Injunctive Relief ("FAC").[2] Pursuant to the Federal Rules of Civil Procedure, Defendants deny each and every allegation contained in the FAC except for those expressly admitted herein. The headings and paragraphs below correlate to the sections and numbered paragraphs of Plaintiffs' FAC. Those titles are reproduced in this Answer for organizational purposes only, and Defendants do not admit any matter contained therein.

Defendants' responses to the specifically numbered allegations of the FAC are as follows:

### INTRODUCTION

1.      The Court dismissed Governor Greg Abbott from the Amended Complaint, and no response is required. To the extent a response is required, Defendants admit that Governor Abbott

---

[1] "Defendants" includes all named defendants whom the Court (ECF 62) or Plaintiffs (ECF 48) have yet to dismiss. Where referenced, "University of Houston System Board of Regents' Members" includes Defendants Tilman Fertitta, Alonzo Cantu, John A. McCall Jr., Beth Madison, Ricky Raven, Jack B. Moore, Tammy D. Murphy, and Gregory C. King, and "University of Texas System Board of Regents' Members includes Defendants Kevin Eltife, Janiece Longoria, James C. Weaver, Christina Melton Crain, Jodie Lee Jiles, Kelcy L. Warren, Nolan Perez, Stuart W. Stedman, Robert P. Gauntt.
[2] ECF 20.

issued Executive Order GA 44 on March 27, 2024. Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott in issuing Executive Order GA-44. Defendants deny the remaining allegations as set forth in Paragraph 1.

2.      The Court dismissed Governor Abbott from the Amended Complaint, and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott regarding actions taken since the issuance of Executive Order GA-44. Defendants deny the remaining allegations as set forth in Paragraph 2.

3.      The Court dismissed Governor Abbott from the Amended Complaint, and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Governor Abbott made the alleged statement or his state of mind in connection with the statement. Defendants deny the remaining allegations as set forth in Paragraph 3.

4.      The allegations in Paragraph 4 are legal conclusions for which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendants also lack knowledge or information sufficient to form a belief as to the reasons Plaintiffs filed their Amended Complaint. Defendants deny the remaining allegations as set forth in Paragraph 4.

## JURISDICTION AND VENUE

5.    Defendants admit the allegations as set forth in Paragraph 5.

6.    Defendants deny the allegations as set forth in Paragraph 6.

7.    Defendants admit the allegations as set forth in Paragraph 7.

## PARTIES

8.    University of Houston ("UH") President and Chancellor Renu Khator (hereinafter "Defendant Khator") admits that Students for Justice in Palestine at UH ("SJP-UH") is a registered student group, and that SJP-UH has the same rights and responsibilities as any other registered student group on campus. Defendant Khator denies the remainder of the allegations in Paragraph 8. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 9.

10.    University of Texas at Austin ("UT Austin") President Jay Hartzell (hereinafter "Defendant Hartzell") admits that Palestine Solidarity Committee ("PSC") is a student group at UT Austin currently on interim suspension. Defendant Hartzell denies the remainder of the allegations as set forth in Paragraph 10. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 10.

11.    University of Texas at San Antonio ("UTSA") President Taylor Eighmy (hereinafter "Defendant Eighmy") admits that Young Democratic Socialists of America ("YDSA") is a registered student organization at UTSA. Defendant Eighmy otherwise lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 11. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 11.

12.    The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants admit that Governor Abbott is the Governor of Texas. Defendants deny that Governor Abbott has "direct control over what occurs on public grounds of campuses in the state." Defendants Eighmy, Hartzell, and Khator deny that student protests were "violently disband[ed]" at UTSA, UT Austin, and UH respectively, and all remaining

Defendants lack knowledge sufficient to admit or deny that allegation. Defendants deny Plaintiffs' characterization of Governor Abbott's authority and powers as set forth in the second sentence of Paragraph 12. Defendants lack information or knowledge sufficient to admit or deny the remaining allegations in Paragraph 12.

## FACTS

13.     The allegations in Paragraph 13 are legal conclusions for which no response is required.

14.     The allegations in Paragraph 14 are legal conclusions for which no response is required.

15.     Defendants admit that Tex. Educ. Code § 51.9315 was signed into law in 2019. The remaining allegations in Paragraph 15 are legal conclusions for which no response is required.

16.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 16.

17.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 17.

18.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18.

19.     The allegations regarding House Bill 89 are legal conclusions for which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 19.

20.    The allegations regarding House Bill 89 are legal conclusions for which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the remaining in Paragraph 20.

21.    The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 21.

22.    The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 22.

23.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 23.

24.    The allegations in Paragraph 24 regarding Texas Government Code § 2270.001 *et seq.* are legal conclusions for which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 24.

25.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 25.

26.    The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendant Hartzell admits the allegations to the extent that state troopers assisted with dispersing protestors who had already violated and were violating the law by refusing to leave campus on April 24 and April 29, 2024. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 26. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 26.

27.     Defendant Khator admits that SJP-UH organized an unlawful encampment at UH on May 8, 2024, that campus police requested protestors to leave, and that police disassembled the protestors' unlawful encampment. Defendant Khator denies that the treatment of those protestors was based on the content or viewpoint of their messaging. Defendant Khator denies all remaining allegations in Paragraph 27. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 27.

28.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendants deny the remaining allegations as set forth in Paragraph 28.

29.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendants deny the remaining allegations as set forth in Paragraph 29.

30.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendants deny the remaining allegations as set forth in Paragraph 30.

31.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendants deny the remaining allegations as set forth in Paragraph 31.

32.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a

belief as to the state of mind of Governor Abbott. Defendants deny all remaining allegations as set forth in Paragraph 32.

33.     Defendants admit that officials at each of the Texas public universities named in the FAC have revised written campus policies in response to GA-44. Defendants deny all remaining allegations in Paragraph 33 except as otherwise provided in the following two subparagraphs:

      a.  Defendant Eighmy admits he is the chief executive at UTSA. Defendant Eighmy denies that campus officials at UTSA ever formally adopted a phrase-specific rule regarding issues related to Israel and Palestine. Defendant Eighmy admits that a conversation between a campus official and DSA's members was recorded, but denies Plaintiffs' characterization of that recording.

      b.  The University of Houston System Board of Regents' Members admit that they incorporated a definition of antisemitism into the UH System's rules, but deny all remaining allegations in Paragraph 33(b).

34.     The Court dismissed Governor Abbott from the Amended Complaint, and no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Governor Abbott made the alleged statement or his state of mind in connection with the alleged statement.

35.     Defendants admit that GA-44 states in preamble language that "some radical organizations have engaged in unacceptable actions on university campuses" and that "multiple protests" have "involved students chanting antisemitic phrases." Defendants deny all remaining allegations as set forth in Paragraph 35.

36.     Defendants deny the allegations as set forth in Paragraph 36.

37.     Defendants deny the allegations as set forth in Paragraph 37.

38.    Defendants admit that GA-44 states in preamble language that "multiple protests" have "involved students chanting antisemitic phrases such as 'from the river to the sea, Palestine will be free.'" Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Paragraph 38 accurately characterizes any individual's intention in invoking a particular slogan. Defendants deny all remaining allegations as set forth in Paragraph 38.

39.    The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendants deny the remaining allegations as set forth in Paragraph 39.

40.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as set forth in Paragraph 40.

      a.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as set forth in Paragraph 40(a).

      b.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as set forth in Paragraph 40(b).

      c.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as set forth in Paragraph 40(c).

## SJP-UH

41.    Defendant Khator admits that SJP-UH is a registered student organization, which has held both registered and unregistered events on campus. Defendant Khator lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 41. All remaining

Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 41.

42.    Defendant Khator admits that SJP-UH organized protests, teach-ins, meetings, and other events during the 2023-2024 school year, some of which were registered and some of which were not. Defendant Khator lacks knowledge or information sufficient to admit or deny what SJP-UH plans to do in the future. Defendant Khator denies all remaining allegations in Paragraph 43. The remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 43.

43.    Defendant Khator admits the allegations to the extent specified in the below subsections of Paragraph 43. Defendant Khator denies the remaining allegations as set forth in Paragraph 43. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 43.

    a.    Defendant Khator admits the allegations in Paragraph 43(a) to the extent that SJP-UH helped organize an event they called "Popular University for Gaza." Defendant Khator is without knowledge or information sufficient to form a belief as to the truth of whether the characterization of the event's intention is accurate. Defendant Khator denies the remaining allegations in Paragraph 43(a).

    b.    Defendant Khator admits the allegations in Paragraph 43(b) to the extent that SJP-UH helped organize an event they called "Israeli Apartheid Week." Defendant Khator is without knowledge or information sufficient to form a belief as to the truth of whether the characterization of the event's intention is accurate. Defendant Khator denies the remaining allegations in Paragraph 43(b).

    c.    Defendant Khator lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43(c).

44.    Defendant Khator admits that students at SJP-UH gatherings invoke political slogans—like "from the river to the sea, Palestine will be free." Defendant Khator lacks knowledge or information sufficient to admit or deny why students invoke those particular slogans. Defendant Khator denies all remaining allegations in Paragraph 44. The remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 44.

45.    Defendant Khator admits that students at SJP-UH gatherings call Israel's conduct a genocide in Gaza and an apartheid system, but lacks knowledge or information sufficient to admit or deny Plaintiffs' characterization of their messaging. Defendant Khator denies all remaining allegations in Paragraph 45. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 45.

46.    Defendants deny that GA-44 labels PSC-UT or SJP antisemitic organizations. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 46.

47.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 47.

48.    Defendant Khator admits that some student groups were advocating the disengagement of UH from certain corporations. Defendant Khator lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 48. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 48.

<u>DSA</u>

49.    Defendant Eighmy admits that DSA has a chapter at UTSA. All Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 49.

50.    Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 50.

51.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 51.

52.     Defendant Eighmy admits that DSA's chapter at UTSA has previously organized events to communicate a viewpoint critical of Israel. Defendant Eighmy lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 52. All remaining Defendants lack information sufficient to admit or deny the allegations in Paragraph 52.

53.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 53.

54.     Defendant Eighmy admits the allegations to the extent specified in the below subsections of Paragraph 54. Defendant Eighmy denies the remaining allegations as set forth in Paragraph 54. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 54.

     a.  Defendant Eighmy admits that YDSA helped organize an event they called "Die in for Palestine." Defendant Eighmy is without knowledge or information sufficient to form a belief as to the truth of whether the characterization of the event's intention is accurate. Defendant Eighmy denies the remaining allegations in Paragraph 54(a).

     b.  Defendant Eighmy lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54(b).

     c.  Defendant Eighmy lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54(c).

     d.  Defendant Eighmy lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 54(d).

55. Defendant Eighmy admits that members of YDSA at UTSA use slogans like "from the river to the sea, Palestine will be free." Defendant Eighmy lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 55. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 55.

56. Defendant Eighmy admits that YDSA members at UTSA have called Israel's conduct a genocide in Gaza and an apartheid system. Defendant Eighmy lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 56. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 56.

57. Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 57.

58. Defendant Eighmy admits that YDSA at UTSA has advocated for boycott, divestment, and sanctions on campus. Defendant Eighmy lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 58. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 58.

59. The Court dismissed Count II from the Amended Complaint, and no response is required. To the extent a response is required, Defendant Eighmy admits that a campus official previously asked students to refrain from using the phrase, "from the river to the sea, Palestine will be free." Defendant Eighmy lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 59. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 59.

60. The Court dismissed Count II from the Amended Complaint, and no response is required. To the extent a response is required, Defendant Eighmy admits that a campus official previously told YDSA members that students would be referred to law enforcement if they ignored repeated requests to stop using the phrase, "from the river to the sea, Palestine will be free." Defendant

Eighmy denies the remaining allegations in Paragraph 60. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 60.

61.     The Court dismissed Count II from the Amended Complaint, and no response is required. To the extent a response is required, Defendant Eighmy lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 61. All remaining Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 61.

62.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 62.

<u>SJP-UTD</u>

63.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 63.

64.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 64.

65.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 66.

67.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 67.

68.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 68.

69.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 69.

70.     Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 70.

PSC-UT

71.     Defendant Hartzell admits that PSC-UT is a registered student organization at UT Austin under an interim suspension. Defendant Hartzell lacks knowledge sufficient to form a belief as to the truth of whether the specific beliefs expressed in Paragraph 71 are accurately attributable to the PSC-UT student group and lacks knowledge of whether PSC-UT is "led" only by students. Defendant Hartzell denies the remaining allegations in Paragraph 71. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 71.

72.     Defendant Hartzell admits the allegations to the extent that during the 2023-2024 school year, PSC-UT has organized protests, sit-ins, film screenings, and other events that communicated a viewpoint that is critical of Israel. Defendant Hartzell is without knowledge or information sufficient to form a belief as to the truth of whether PSC-UT has organized "strikes" during the 2023-2024 school year or whether PSC-UT will organize certain types of events in the future. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 72. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 72.

73.     Defendant Hartzell admits the allegations to the extent specified in the below subsections of Paragraph 73. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 73. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 73.

        a.  Defendant Hartzell admits the allegations in Paragraph 73(d) to the extent that PSC-UT organized an event it advertised as "Israel Apartheid Week." Defendant Hartzell is without knowledge or information sufficient to form a belief as to the truth of whether the characterization of the event's intention is accurate.

Defendant Hartzell denies the remaining allegations as set forth in Paragraph 73(d).[3]

b.  Defendant Hartzell denies the allegations in Paragraph 73(e).[4]

c.  Defendant Hartzell admits the allegations in Paragraph 73(f) to the extent that PSC-UT organized an event it advertised as "Film Screening and Iftar: Boycott." Defendant Hartzell is without knowledge or information sufficient to form a belief as to the truth of whether the characterization of the film is accurate. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 73(f).[5]

d.  Defendant Hartzell admits the allegations in Paragraph 73(g) to the extent that PSC-UT organized an event it advertised as "Popular University." Defendant Hartzell denies the remaining allegations as set forth in Paragraph 73(g).[6]

74.  Defendant Hartzell admits the allegations in Paragraph 74 to the extent that students at PSC-UT gatherings have invoked slogans such as "from the river to the sea, Palestine will be free." Defendant Hartzell is without knowledge or information sufficient to form a belief as to the truth of whether Paragraph 74 accurately characterizes any individual student's intention in invoking a particular slogan. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 74. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 74.

75.  Defendant Hartzell admits the allegations in Paragraph 75 to the extent that students at PSC-UT gatherings have called Israel's conduct a genocide in Gaza and an apartheid system. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 75. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 75.

---

[3] Paragraph 73(a) corresponds to Paragraph 73(d) of the Amended Complaint.
[4] Paragraph 73(b) corresponds to Paragraph 73(e) of the Amended Complaint.
[5] Paragraph 73(c) corresponds to Paragraph 73(f) of the Amended Complaint.
[6] Paragraph 73(d) corresponds to Paragraph 73(g) of the Amended Complaint.

76.     Defendant Hartzell admits the allegations in Paragraph 76 to the extent he is aware that PSC-UT has held events that were not exclusive to student members of PSC-UT. Defendant Hartzell is without knowledge or information sufficient to form a belief as to the truth of whether particular members of other student groups have attended PSC-UT's events. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 76. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 76.

77.     Defendant Hartzell denies the allegations as set forth in Paragraph 77.  All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 77.

78.     Defendant Hartzell admits the allegations in Paragraph 78 to the extent that he is aware that PSC-UT advocates against Israel. Defendant Hartzell denies the remaining allegations as set forth in Paragraph 78. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 78.

79.     Defendant Hartzell denies the allegations as set forth in Paragraph 79. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 79.

80.     Defendant Hartzell denies the allegations as set forth in Paragraph 80. All remaining Defendants lack knowledge sufficient to admit or deny the allegations in Paragraph 80.

### Count I
### Section 1983: First Amendment – GA 44's Viewpoint/Content Discrimination
**(against all defendants)**

81.     Defendants repeat and reaffirm their answers to each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

82.     This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as untrue.

83.     This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as untrue.

84.     This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as untrue.

85.     This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as untrue.

86.     This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations as untrue.

87.     Defendants deny the allegations as set forth in Paragraph 87.

88.     Defendants deny the allegations as set forth in Paragraph 88.

89.     Defendants deny the allegations as set forth in Paragraph 89.

90.     The Court dismissed all claims against Governor Abbott, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the state of mind of Governor Abbott. Defendants deny the remaining allegations as set forth in Paragraph 90.

91.     Defendants are without knowledge or information sufficient to form a belief as to the state of mind of Plaintiffs' leaders. Defendants deny the remaining allegations as set forth in Paragraph 91.

92.     Defendants admit that Plaintiffs have continued to hold events. Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' future plans. Defendants deny the remaining allegations as set forth in Paragraph 92.

93.     Defendants deny that SJP-UH, DSA, PSC-UT, and SJP-UTD's past and present speech is explicitly proscribed by the order. Defendants are without knowledge or information sufficient to form a belief about what conduct SJP-UH, DSA, PSC-UT, and/or SJP-UTD will undertake in the future, and therefore deny the allegations as set forth in Paragraph 93.

a. Defendants admit the allegations in Paragraph 93(a) to the extent that participants in campus protests have invoked slogans such as "from the river to the sea, Palestine will be free." Defendants are without knowledge or information sufficient to form a belief about what conduct SJP-UH, DSA, PSC-UT, and/or SJP-UTD will undertake in the future.

b. Defendants deny the allegations as set forth in Paragraph 93(b).

c. Defendants are without knowledge or information sufficient to form a belief about what conduct SJP-UH, DSA, PSC-UT, and/or SJP-UTD will undertake in the future. Defendants deny the remaining allegations as set forth in Paragraph 93(c).

94. Defendants are without knowledge or information sufficient to form a belief about what conduct SJP-UH, DSA, PSC-UT, and/or SJP-UTD will undertake in the future, and therefore deny the allegations as set forth in Paragraph 94.

a. Defendants admit the allegations as set forth in Paragraph 94(a).

b. The Court dismissed Count II from the Amended Complaint, and no response is required. To the extent a response is required, Defendant Eighmy denies that use of the phrase "From the river to the sea, Palestine will be free" is against UTSA's campus rules.

c. Denied as to the named Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations with regard to other institutions. Defendants deny any remaining allegations in Paragraph 94(c).

95. Defendants deny the allegations as set forth in Paragraph 95.

96. Defendants deny the allegations as set forth in Paragraph 96.

97. Defendants deny the allegations as set forth in Paragraph 97.

**Count II**
**Section 1983: First Amendment – UTSA's *From the River to the Sea* Rule**
**(by Plaintiff DSA against Taylor Eighmy only)**

98.     Defendant Eighmy repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

99.     The Court dismissed Count II from the Amended Complaint, and no response is required. Paragraph 99 also contains legal conclusions that do not require a response. To the extent a response is required, Defendant Eighmy denies the allegations as untrue.

100.    The Court dismissed Count II from the Amended Complaint, and no response is required. Paragraph 100 also contains legal conclusions that do not require a response. To the extent a response is required, Defendant Eighmy denies the allegations as untrue.

101.    The Court dismissed Count II from the Amended Complaint, and no response is required. To the extent a response is required, Defendant Eighmy denies that UTSA has adopted a policy that prohibits students from using the slogan "from the river to the sea, Palestine will be free" or that labels such expression a "per se" violation of campus rules. Defendant Eighmy admits that GA-44 states in preamble language that "from the river to the sea, Palestine will be free" is an antisemitic phrase, but denies that use of the phrase is a "*per se*" violation.

102.    The Court dismissed Count II from the Amended Complaint, and no response is required. To the extent a response is required, Defendant Eighmy denies that he gave any order as UTSA President to revise campus rules to prohibit students from using the slogan "from the river to the sea, Palestine will be free." Defendant Eighmy denies all remaining allegations in Paragraph 102.

103.    The Court dismissed Count II from the Amended Complaint, and no response is required. Paragraph 103 also contains legal conclusions that do not require a response. To the extent a response is required, Defendant Eighmy denies that UTSA declared it impermissible to chant "from the river to the sea, Palestine will be free."

104.    The Court dismissed Count II from the Amended Complaint, and no response is required. Paragraph 104 also contains legal conclusions that do not require a response. To the extent a response is required, Defendant Eighmy denies that UTSA has any rule governing use of the slogan "from the river to the sea, Palestine will be free." Defendant Eighmy denies the remaining allegations in Paragraph 104.

105.    The Court dismissed Count II from the Amended Complaint, and no response is required. Paragraph 105 also contains legal conclusions that do not require a response. To the extent a response is required, Defendant Eighmy denies that UTSA has any rule governing use of the slogan "from the river to the sea, Palestine will be free." Defendant Eighmy denies the remaining allegations in Paragraph 105.

106.    The Court dismissed Count II from the Amended Complaint, and no response is required. Paragraph 106 also contains legal conclusions that do not require a response. To the extent a response is required, Defendant Eighmy denies that UTSA has any rule governing use of the slogan "from the river to the sea, Palestine will be free." Defendant Eighmy denies the remaining allegations in Paragraph 106.

## Count III
### Section 1983: First Amendment – UT's Pretextual Cancellation of PSC-UT's Lawful Demonstration
**(by Plaintiff PSC-UT against Jay Hartzell only)**

107.    Defendant Hartzell repeats and reaffirms his answers to each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth.

108.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant Hartzell denies the allegations as set forth in Paragraph 108.

109.    This paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant Hartzell denies the allegations as set forth in Paragraph 109.

110.    Defendant Hartzell denies the allegations as set forth in Paragraph 110.

111.    Defendant Hartzell denies the allegations as set forth in Paragraph 111.

112.    Defendant Hartzell denies the allegations as set forth in Paragraph 112.

113.    Defendant Hartzell denies the allegations as set forth in Paragraph 113.

114.    Defendant Hartzell denies the allegations as set forth in Paragraph 114.

115.    [Plaintiffs left this paragraph blank in their Amended Complaint.]

### Prayer for Relief

Defendants deny that Plaintiffs are entitled to any of the relief they seek in this suit.

\*        \*        \*        \*

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses to which they may be entitled:

1.    Defendants deny that Plaintiffs are entitled to any damages, costs, or fees in this suit.

2.    Defendants assert all applicable immunities to Plaintiffs' claims, including but not limited to their entitlement to sovereign immunity, qualified immunity, and to caps and limits on damages or other demanded relief.

3.    Plaintiffs' claims, in whole or in part, are time barred by the applicable statute of limitations period.

4.    Plaintiffs' FAC fails to state any claim upon which relief can be granted.

5.    Defendants assert the defense of after-acquired evidence.

6.    Plaintiffs' claims are barred, in whole or in part, by laches, waiver, estoppel, or unclean hands.

7.    Defendants specifically plead all affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure which are applicable to this case and any and all other affirmative defenses and qualified good faith immunities, all of which are pled herein as if copied in extenso.

8.    Pursuant to 42 U.S.C. § 1988, Defendants will be entitled to recover their attorneys' fees if they are the prevailing parties.

9.    Defendants reserve the right to assert additional defenses as they may become apparent in the development of this case.

## DEFENDANTS' PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that:

1.    Any legal claims to be tried in this case be tried before a jury;

2.    Plaintiffs take nothing by this action; and

3.    Defendants recover all costs, including attorneys' fees, and such other further relief to which they are entitled.

Date:  November 18, 2024          Respectfully submitted,
       Austin, Texas

**KEN PAXTON**                    */s/ Cole P. Wilson*
Attorney General of Texas         **COLE P. WILSON**
                                  Attorney-in-charge
**BRENT WEBSTER**                 Texas State Bar No. 24122856
First Assistant Attorney General  Cole.Wilson@oag.texas.gov

**RALPH MOLINA**                  **TODD DICKERSON**
Deputy First Assistant Attorney General   Texas State Bar No. 24118368
                                  Todd.Dickerson@oag.texas.gov

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation   Assistant Attorneys General
                                  Office of the Attorney General
**KIMBERLY GDULA**                General Litigation Division
Chief, General Litigation Division   P.O. Box 12548, Capitol Station
                                  Austin, Texas 78711-2548
                                  (512) 936-1309 | Fax: (512) 320-0667

**CERTIFICATE OF SERVICE**

I certify that a copy of the document above was served on all counsel of record who have

entered an appearance on November 18, 2024, using the Federal Court CM/ECF system.

*/s/ Cole P. Wilson*