IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS AUSTIN
DIVISION

| | | |
|---|---|---|
| <u>Students for Justice in Palestine at the University of Houston, et al.</u>, | § | |
| | § | |
| PLAINTIFF(S) | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1: 24-CV-00523-RP |
| | § | |
| <u>Tilman Fertitta, et al.</u>, | § | |
| | § | |
| DEFENDANT(S) | § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

    a. Count I: Plaintiffs allege that Defendants, via the adoption of the IHRA antisemitism definition, illegally chills Plaintiffs' speech by labeling their activities as antisemitic in violation of the First Amendment and Section 1983.

    b. Count III: PSC-UT claims that Defendant Hartzell's cancellation of PSC-UT's protest and the group's suspension was pretext for impermissible viewpoint discrimination in violation of the First Amendment and Section 1983.

    c. Defendants have such affirmative defenses as are expressed in their Answer (ECF 67), and which they may discover or develop during this litigation.

2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:

> Defendants maintain that the Court lacks jurisdiction over this dispute for the reasons outlined in their motion to dismiss, response to Plaintiff's motion for a preliminary injunction, and associated filings.

   a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

   > The parties agree that Plaintiffs have no remaining claim for damages, and that the only sums that any party may seek in this litigation relate to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

   b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

   > Not applicable.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

   > There are no unserved parties.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

   > Not at this time.

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

   > None at this time.

6. Are there any issues about preservation of discoverable information?

   > None at this time.

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

> There are no agreements regarding the disclosure or discovery of ESI at this time. The parties will separately confer about the entry of an order governing ESI, its disclosure and its discovery.

8. What are the subjects on which discovery may be needed?

> Plaintiffs shall aim their discovery at establishing the facts regarding Defendants' enforcement decisions regarding Plaintiffs', their protests, walkouts, and other events, as well as their decision to suspend Plaintiff UT PSC. Additionally, Plaintiffs will seek discovery to establish that Defendants' adoption of the IHRA definition is actionable under *Speech First.*

> At this time, Defendants plan to conduct discovery regarding the claims that Plaintiffs make in their Amended Complaint, including but not limited to their past and future expression relating to the Israel-Hamas conflict, expression they contend GA-44 prohibits, expression they contend that Defendants' policies and procedures' prohibit, Plaintiffs' efforts to disrupt Texas university campuses, and their affiliation with one another and other entities engaged in advocacy on behalf of Palestinians and/or against Israel.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

> Yes, initial disclosures have been made.

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

> At this time, no discovery has been completed. Defendants have served their first requests for production and interrogatories to Plaintiffs. The parties have agreed to complete discovery on or before July 14, 2025. Parties have not considered conducting discovery in phases or agreeing to limit discovery.

11. What, if any, discovery disputes exist?

> None as of this time.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

No.

13. Have the parties discussed early mediation?

    Parties have agreed to submit an Alternative Dispute Resolution report on or before August 14, 2025. No alternative dispute resolution attempts have been made as of filing.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

    Yes. The parties anticipate entry of a confidentiality and protective order for discovery of material that regarding student records governed by FERPA, as well as for other confidential material, including but not limited to law enforcement records. The parties have conferred on the proposed form of such an order, but have not reached an agreement.

| | |
|---|---|
| _/s/ Gadeir Abbas_<br>Counsel for Plaintiffs | 2/5/2025<br>Date |
| _/s/ Cole P. Wilson_<br>Counsel for Defendants | 2/4/2025<br>Date |