IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **STUDENTS FOR JUSTICE IN PALESTINE AT THE UNIVERSITY OF HOUSTON**, *et al.*, | § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | No. 1:24-CV-523-RP |
| **TILMAN FERTITTA**, *et al.*, | § § § | |
| *Defendants*. | § § § | |

### DEFENDANTS' OPPOSED MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendants respectfully ask that the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) to ensure the confidentiality of student information protected by the Family Educational and Privacy Act ("FERPA"), as well as other sensitive information. Defendants request that the Court adopt and enter the proposed protective order attached as Exhibit A, which tracks the Court's form language with adjustments to ensure Defendants may comply with FERPA.

### RELEVANT BACKGROUND

Defendants seek entry of a protective order to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, and to facilitate the prompt resolution of disputes over confidentiality of discovery materials. Plaintiffs are unopposed to a protective order permitting the designation of information protected by FERPA as confidential, but they are opposed to a protective order permitting the designation of any other information as confidential.

Plaintiffs' proposed limitation is unnecessarily restrictive and would prevent Defendants from securely producing sensitive records that would reasonably constitute information that Defendants are entitled to keep confidential, including law enforcement records. Any disagreements between the parties should be resolved case-by-case, which the proposed order anticipates:

> In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Confidential information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential information unless the court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential information.

*See* Ex. A, § 12, p. 6. While conferring about the proposed protective order, the undersigned referenced this language, but received no explanation for Plaintiffs' opposition to entry of a protective order beyond the contention that the order should be limited to information protected by FERPA. Such a limitation prevents Defendants from designating other sensitive information as confidential even where it merits such a designation. The Court should adopt Defendants' proposed form of order.

## ARGUMENT

Rule 26 provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). On a showing of good cause, the district court may use its discretion to restrict what can be obtained through discovery, how it can be obtained, and how parties can use the materials once they are obtained. *Harris v. Amoco Prod. Co.*, 768 F. 2d 669, 684 (5th Cir. 1985). The courts maintain broad discretion to issue protective orders. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Here, the proposed protective order is virtually identical to the form protective order provided in the Local Rules of the United States District Court for the Western District of Texas.[1] Defendants have made two substantive changes, both consisting of added language to protect the production and disclosures of information protected by FERPA. *See, e.g.*, Ex. A, § 4, p. 3. Plaintiffs agree that a protective order is needed to ensure the confidentiality of such information.

But in addition to information protected by FERPA, Defendants also anticipate that sensitive law enforcement records and other personally identifying information are reasonably likely to arise as discovery ensues. Such law enforcement records—while unprotected by FERPA—should still be afforded protection under a confidentiality and protective order because the information is sensitive, and its disclosure would undermine both its value to Defendants as well as public safety. Plaintiffs' position is inconsistent with the basic functions a protective order serves: to allow the parties to exchange relevant information while preventing the public dissemination of sensitive records.

Because it is difficult (and sometimes impossible) to fully taxonomize all sensitive information meriting such protection *before* discovery has completed, the Court's form protective order allows parties to designate information as confidential on an ad-hoc basis. The Court's form language anticipates the potential for disagreements concerning what constitutes confidential information, and provides a process for challenging both the designation and release of such information. Ex. A, §§ 12–13, pp. 6–7.

During the parties' brief efforts to confer on the entry of such an order, Plaintiffs provided no basis for their position that the current definition of "confidential information" is overbroad. Nor have they offered any explanation as to how the current process for challenging a confidentiality designation is overly burdensome. Documents or information can always be released or unredacted if

---

[1] *See* United States District Court, Western District of Texas Form Confidentiality and Protective Order, Appendix H-1, *available at* [https://www.txwd.uscourts.gov/wp-content/uploads/Forms/Civil/Confidentiality%20and%20Protective%20Order_Appendix%20H-1.pdf](https://www.txwd.uscourts.gov/wp-content/uploads/Forms/Civil/Confidentiality%20and%20Protective%20Order_Appendix%20H-1.pdf).

it is later determined they are not confidential, but the same cannot be said for the reverse: once publicly disseminated, the privacy of sensitive information cannot be restored.

## CONCLUSION AND PRAYER

Defendants respectfully request that the Court enter Defendants' proposed protective order, attached as Exhibit A, and for such other relief as the Court considers appropriate.

Dated: February 18, 2025  
       Austin, Texas

Respectfully submitted,

**KEN PAXTON**  
Attorney General of Texas

**BRENT WEBSTER**  
First Assistant Attorney General

**RALPH MOLINA**  
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**  
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**  
Chief, General Litigation Division

*/s/ Cole P. Wilson*  
**COLE P. WILSON**  
Attorney-in-charge  
Texas State Bar No. 24122856  
Cole.Wilson@oag.texas.gov

**TODD DICKERSON**  
Texas State Bar No. 24118368  
Todd.Dickerson@oag.texas.gov

Assistant Attorneys General  
Office of the Attorney General  
General Litigation Division  
P.O. Box 12548, Capitol Station  
Austin, Texas 78711-2548  
(512) 936-1309 | Fax: (512) 320-0667

## CERTIFICATE OF CONFERENCE

I certify that the parties conferred regarding the relief requested in this motion, and that Plaintiffs are opposed to the relief requested herein.

*/s/ Cole P. Wilson*

## CERTIFICATE OF SERVICE

I certify that a copy of the document above was served on all counsel of record who have entered an appearance on February 18, 2025, using the Federal Court CM/ECF system.

*/s/ Cole P. Wilson*