IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEMOCRATIC SOCIALISTS OF AMERICA**, *et al.*, | § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | No. 1:24-CV-523-RP |
| **TILMAN FERTITTA**, *et al.*, | | |
| *Defendants*. | | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants file this Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) to clarify that Plaintiffs have no remaining individual-capacity claims, and to challenge Plaintiffs' standing to sue (1) Dr. Renu Khator in her official capacity as President of the University of Houston and Chancellor of the University of Houston System, and (2) the individual members of the University of Houston System Board of Regents (collectively the "UH Defendants").

**INTRODUCTION**

Plaintiffs, Democratic Socialists of America ("DSA") and Palestine Solidarity Committee at the University of Texas at Austin ("PSC-UT"), purportedly bring a claim against all Defendants, including the UH Defendants, the University of Texas at Austin's Interim President Jim Davis, the individual members of the University of Texas System Board of Regents, and the University of Texas at San Antonio's President Taylor Eighmy, for allegedly burdening Plaintiffs' First Amendment rights. Dkt. 20, ¶¶ 81–97.[1]

---

[1] PSC-UT also brings a separate claim against UT Austin Interim President Davis. *See generally id.*

There are two issues in this motion for the Court to decide.

*First*, Defendants seek clarification that there are no remaining individual-capacity claims. The Court's ruling on Defendants' prior motion to dismiss the Amended Complaint explained that Plaintiffs' claims for damages were dismissed, and that the only remaining remedies available to Plaintiffs would be prospective injunctive and declaratory relief, and attorneys' fees and costs under 42 U.S.C. § 1988. Dkt. 62, p. 11. The Court did not address Defendants' qualified immunity arguments, correctly noting that qualified immunity does not protect against individual-capacity claims for prospective injunctive relief. *Id.*, p. 16. But the Court did not say whether any such claims were present in this case. *Id.* There are not, and Plaintiffs have since acknowledged, through their counsel, that they have no remaining individual-capacity claims.

*Second*, Defendants ask the Court to dismiss Plaintiffs' claims against the UH Defendants because Plaintiffs lack standing following the withdrawal of the only Plaintiff to conceivably have justiciable claims against the UH Defendants. Defendants argued in their prior motion to dismiss that Plaintiffs' claims should be limited to the Defendants against whom they had alleged facts supporting standing. Dkt. 31, p. 25.[2] In ruling on that motion, it was not necessary for the Court to consider whether remaining Plaintiffs DSA and PSC-UT, on their own, could establish standing as to the UH Defendants because they could rest on the standing (if any) of former-Plaintiff Students for Justice in Palestine at the University of Houston ("SJP-UH").[3] But since then, SJP-UH dismissed all its claims with prejudice. Dkts. 73, 75. As a result, neither remaining Plaintiff has standing to sue the UH Defendants, and the Court should dismiss any remaining claims against them.

Until the parties conferred regarding the implications of SJP-UH's dismissal of its claims

---

[2] Defendants had also contested whether Plaintiffs have standing at all (*see generally* Dkt. 31), and they maintain that position now.
[3] *See*, *e.g.*, *McAllen Grace Brethren Church v. Salazar*, 764 F.3d 465, 472 (5th Cir. 2014).

(Dkts. 73, 75), the remaining Plaintiffs had not acted as though they had any claim against the UH Defendants. But during that conference, Plaintiffs' counsel indicated that both DSA and PSC-UT had a claim against the UH Defendants (though they have since acknowledged that PSC-UT has no such claim). And yet, Plaintiffs' initial disclosures and responses to Defendants' requests for production and interrogatories provide no information related to the UH Defendants, the University of Houston, or the University of Houston System.

Accordingly, this motion asks the Court to recognize what might be seen as obvious—that the dismissal of SJP-UH's claim with prejudice also requires the dismissal of any "claim" that DSA and PSC-UT assert against the UH Defendants because no remaining Plaintiff can independently satisfy Article III's requirements for standing. After all, PSC-UT concedes it has no organizational presence outside of UT Austin, and although DSA has a chapter at the University of Houston, the Amended Complaint raises no allegation whatsoever that this chapter has addressed the conflict in Gaza and related topics, or intends to in the future. Thus, neither Plaintiff has any plausible claim that policies adopted by the UH Defendants will affect their or their members' expression.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Judgment on the pleadings is proper where there are no disputed issues of fact and only questions of law remain.[4] The standard for Rule 12(c) motions is identical to the standard for motions under Rule 12(b).[5]

---

[4] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (citing *Voest–Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998)) (internal quotation marks omitted).
[5] *Waller v. Hanlon*, 922 F.3d 590, 599, 603 (5th Cir. 2019) (reviewing appeal from order on motion for judgment on the pleadings, and, in relevant part, reversing the portion of the district court's order declining to dismiss the plaintiffs' claim to declaratory relief because the district court erred in failing to find that the plaintiff lacked Article III standing); *see also Roca Resource Co., Inc. v. Devon Energy Production Co., L.P.*, No. 4:14-CV-085-DAE, 2015 WL 4479249, at *4 (W.D. Tex. July 22, 2015)

The Federal Rule of Civil Procedure 12(b)(6) standard governs the first issue, under which a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."[6] On this standard, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."[7] Courts also should not "strain to find inferences favorable to the plaintiffs."[8] Allegations rendering plaintiff's claim merely "conceivable" or "speculative" are insufficient.[9]

The Federal Rule of Civil Procedure 12(b)(1) standard governs the second issue.[10] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[11] "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."[12]

**ARGUMENT**

**I.    Plaintiffs Have No Individual-Capacity Claims.**

Plaintiffs previously dismissed several of their individual-capacity claims,[13] and the Court dismissed all claims for monetary damages. Dkt. 62 at 11, 16. The Court's prior order also had the practical effect of eliminating all remaining individual-capacity claims, even though the Court did not say so explicitly. That is because Plaintiffs do not seek injunctive or declaratory relief that any Defendant could provide in their individual capacity. *See generally* Dkt. 20.[14] And at any rate, Plaintiffs

---

("ROCA's lack of standing also makes judgment on the pleadings proper.") (collecting cases dismissing claims for lack of standing on motions for judgment on the pleadings).

[6] *Anderson* v. *Valdez*, 845 F.3d 580, 589 (5th Cir. 2016).
[7] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).
[8] *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).
[10] *See, e.g.*, *Moore v. Bryant*, 853 F.3d 245, 248–49 (5th Cir. 2017).
[11] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).
[12] *Id.*
[13] *See* Dkt. 62 at 16; *see also* Dkt. 48 (Plaintiffs voluntarily dismissed individual-capacity claims against the members of the UH System Board of Regents, the members of the UT System Board of Regents, and Dr. Khator).
[14] *See, e.g.*, *Scott v. Flowers*, 910 F.2d 210 (5th Cir. 1990) (holding that attorneys' fees "cannot be assessed against the defendants in their individual capacity, as the injunctive relief sought . . . can be obtained from the defendants only in their official capacity as commissioners.").

4

have since conceded through their counsel that "no individual capacity claims survived the Motion to Dismiss."[15] Defendants accordingly ask the Court to enter an order clarifying that Plaintiffs have no claims against any Defendant in their individual capacity, and to dismiss those claims with prejudice.

## II. No Plaintiff Has Standing against the UH Defendants.

Plaintiffs' first claim alleges infringement of First Amendment rights against all Defendants. Dkt. 20, p. 20. Whereas before SJP-UH dismissed all their claims with prejudice (Dkt. 73), PSC-UT and DSA could rely on SJP-UH's standing arguments to avoid consideration of their own ability to meet Article III's requirements on a lawsuit seeking injunctive and declaratory relief,[16] now they have no basis for maintaining any claim against the UH Defendants.

Standing is a constitutional prerequisite to suit, consisting of three elements: (1) an injury in fact,[17] (2) that is fairly traceable to the defendant's alleged conduct,[18] and (3) that will likely be redressed[19] by a favorable court decision.[20] Because all three elements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of litigation."[21]

Plaintiffs clarified in their briefing on Defendants' motion to dismiss that Claim I is a pre-enforcement facial challenge. Dkt. 50, pp. 9, 12. In pre-enforcement cases where plaintiffs allege a

---

[15] Should Plaintiffs dispute this point, Defendants will submit the parties' relevant correspondence.
[16] *See McAllen Grace Brethren Church*, 764 F.3d at 472 (explaining that when one party seeking injunctive or declaratory relief has established standing over a defendant, it is not necessary for other parties to prove standing to pursue the same relief).
[17] *See Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (explaining that the first element of standing requires a plaintiff to show an actual or imminent, concrete and particularized injury-in-fact).
[18] *See Simon v. Eastern Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976) (explaining that the injury must be fairly "trace[able] to the challenged action of the defendant, and not [an] injury that results from the independent action of some third party not before the court.").
[19] *See Friends of the Earth, Inc.*, 528 U.S. at 181 (explaining that a plaintiff must show that "it is likely, as opposed to merely speculative," that the injury will be redressed by the relief requested).
[20] *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992).
[21] *El Paso Cnty., Tex. v. Trump*, 982 F.3d 332, 338 (5th Cir. 2020) (quoting Lujan, 504 U.S. at 561).

violation of the First Amendment's Free Speech Clause, the Supreme Court has recognized that chilled speech or self-censorship is an injury sufficient to confer standing.[22] To establish a cognizable "chilling" injury under *Susan B. Anthony List v. Driehaus*, a plaintiff must show: (1) <u>an intent to engage in conduct</u> arguably affected with a constitutional interest; (2) that conduct is arguably proscribed <u>by the challenged provision</u>; and (3) there exists <u>a credible threat of prosecution under that provision</u>.[23]

Applied here, DSA and PSC-UT simply make no allegations in the Amended Complaint showing that they intend to engage in conduct arguably affected with a constitutional interest *at the University of Houston*, and thus they have no argument that any policy or other rule adopted by the UH Defendants arguably proscribes *their* speech or that there exists a credible threat of prosecution *against Plaintiffs* on those campuses. *See generally* Dkt. 20.

While it is true that DSA alleges it has a chapter at the University of Houston (Dkt. 20, ¶ 11), DSA does not claim that this chapter or any of its members have planned or are planning protests (or other events) addressing the conflict in Gaza and related topics. *See generally id*. Nor does DSA claim that the chapter or any of its members face a threat of prosecution on that campus, or even that university policies adopted by the UH Defendants (or GA-44) have chilled the exercise of any expression on that campus. *Compare id.*, ¶¶ 41–48, *with id.*, ¶¶ 49–62.

DSA simply does not identify a single fact specific to the University of Houston aside from the existence of a chapter, and instead focuses on pleading events and gatherings organized by *other chapters*, mostly at UTSA. Dkt. 20 at ¶¶ 49–62. But allegations about what some chapters may be doing elsewhere across Texas does not support the conclusion that the chapter at the University of Houston has or intends to engage in any of that same activity.

---

[22] *Barilla v. City of Houston, Texas*, 13 F.4th 427, 431 (5th Cir. 2021) (citations omitted); *see also, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 155 (2014); *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330–31 (5th Cir. 2020), *as revised* (Oct. 30, 2020); *Justice v. Hosemann*, 771 F.3d 285, 291 (5th Cir. 2014).
[23] *Driehaus*, 573 U.S. at 159, 161–66.

PSC-UT also fails to establish that it has standing to sue the UH Defendants. Nominally, PSC-UT is a student organization exclusive to the University of Texas at Austin. Dkt. 20 at ¶¶ 10, 71. PSC-UT does not allege it has a chapter at the University of Houston, organizes events and gatherings at the University of Houston, or is in any way subject to policies promulgated by the UH Defendants. Because PSC-UT has no affiliation with the University of Houston, the members of the UH System Board of Regents, or its Chancellor and President, they have failed to establish standing. To this end, Plaintiffs' counsel has acknowledged that PSC-UT has no claim against the UH Defendants.

Plaintiffs thus fail to present any concrete legal issues involving the UH Defendants. Without factual allegations that DSA or PSC-UT suffered a cognizable injury traceable to and redressable by the UH Defendants, neither remaining Plaintiff can independently establish standing in the absence of SJP-UH. As a result, the Court should dismiss Plaintiffs' claim against the UH Defendants and release these Defendants as parties to the lawsuit.[24] After all, "federal courts established pursuant to Article III of the Constitution do not render advisory opinions."[25] And because the deadline to amend the pleadings has passed (Dkt. 71, ¶ 4), the Court should dismiss any such claims with prejudice.

### CONCLUSION AND PRAYER

Defendants respectfully request that the Court (1) dismiss any remaining individual-capacity claims with prejudice, and (2) dismiss Plaintiffs' claims against the UH Defendants with prejudice and clarify that because there are no remaining claims against the UH Defendants, they are no longer parties in this lawsuit.

---

[24] Defendants also maintain DSA lacks standing against the University of Texas at Austin Interim President Davis because it has not pled any facts indicating it was injured by the actions of the president of a university where it has no chapter. Dkt. 20, ¶ 49. For the same reasons, PSC-UT has also failed to establishing standing over UTSA President Eighmy. However, because DSA has standing over President Eighmy and PSC-UT has standing over Davis, any prospective relief awarded to Plaintiffs will necessarily affect both Defendants.

[25] *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *United Public Workers of American (C.I.O.) v. Mitchell*, 330 U.S. 75, 89 (1947)).

Dated: April 25, 2025    Respectfully submitted,
      Austin, Texas

**KEN PAXTON**  
Attorney General of Texas

**BRENT WEBSTER**  
First Assistant Attorney General

**RALPH MOLINA**  
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**  
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**  
Chief, General Litigation Division

*/s/ Cole P. Wilson*  
**COLE P. WILSON**  
Attorney-in-charge  
Texas State Bar No. 24122856  
Cole.Wilson@oag.texas.gov

**TODD DICKERSON**  
Texas State Bar No. 24118368  
Todd.Dickerson@oag.texas.gov

Assistant Attorneys General  
Office of the Attorney General  
General Litigation Division  
P.O. Box 12548, Capitol Station  
Austin, Texas 78711-2548  
(512) 936-1309 | Fax: (512) 320-0667

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  I certify that a copy of the document above was served on all counsel of record who have entered an appearance on April 25, 2025, using the Federal Court CM/ECF system.

                          /s/ *Cole P. Wilson*