IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEMOCRATIC SOCIALISTS OF AMERICA**, *et al.*, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | No. 1:24-CV-523-RP |
| **KEVIN P. ELTIFE**, *et al.*, | § § | |
| *Defendants.* | § § § | |

---

### DEFENDANTS' SECOND MOTION FOR JUDGMENT ON THE PLEADINGS

---

Defendants file this motion pursuant to Federal Rule of Civil Procedure 12(b)(1) & (c) to challenge Democratic Socialists of America's ("DSA") standing to bring any claim.

### INTRODUCTION

On May 19, 2025, the parties stipulated to the dismissal of all claims by Palestine Solidarity Committee at the University of Texas at Austin against all Defendants, with prejudice. Dkts. 86. Based on the parties' stipulation, the Court clarified that the only remaining plaintiff was DSA, and that its only remaining claim was Count I in the Amended Complaint (Dkt. 20, pp. 20–22) against Taylor Eighmy in his official capacity, and the members of the University of Texas System Board of Regents in their official capacities. Dkt. 87.

In the Amended Complaint, DSA purported to bring claims based on both organizational and associational standing. Dkt. 20. Defendants challenged both forms of standing in their motion to dismiss. Dkt. 31, p. 34. In its ruling on that motion, the Court found that plaintiffs could not pursue claims based on associational standing, leaving DSA with organizational standing as its only avenue

for bringing a claim. Dkt. 62.

Organizational standing requires, among other things, that a plaintiff show a challenged law or policy "perceptibly impair[s] the organization's ability to carry out its mission."[1] Defendants argued in their motion to dismiss that DSA had failed to establish that GA-44 perceptibly impaired DSA's ability to carry out its mission. Dkt. 31, p. 47. The Court did not address this point in its Order on the motion (Dkt. 62), but it should do so now.

DSA describes itself as a non-profit membership-based organization incorporated in Washington, D.C with "tens of thousands of members nationwide and more than 2,000 in Texas." Dkt. 20, ¶ 11. DSA claims some of its chapters at Texas public universities "have played a leading role in campus advocacy for Palestine for years and will continue to fulfill that role in the future," *id.*, ¶ 51, but *nowhere* in the Amended Complaint does DSA allege that advocacy for Palestine is germane to its mission. *See generally id.* In fact, DSA never explains what its mission is, though its website proclaims a mission of establishing socialism in American communities through democratic means.[2]

Thus, while DSA may wish to argue that the challenged executive order and campus policies unconstitutionally regulate discourse about Israel, its conflict with Hamas, and related issues, DSA cannot show that either impairs its mission of establishing socialism. Rather, DSA can seemingly only assert an "abstract social interest" in this public debate, but that is not enough to create organizational standing under established precedent.[3] Because DSA cannot establish an Article III injury, the Court should find that the only remaining plaintiff lacks standing.

---

[1] *El Paso Cnty., Tex. v. Trump*, 982 F.3d 332, 344 (5th Cir. 2020) (internal quotations and citation omitted); *see also Louisiana Fair Hous. Action Ctr., Inc.*, 82 F.4th at 353 ("[T]he perceptible impairment to an organization's ability to carry out its mission . . . is the concrete and demonstrable injury for organizational standing.") (cleaned up).

[2] *About Us*, DSA, https://www.dsausa.org/about-us/.

[3] *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1982) (noting that "a setback to the organization's abstract social interests" is insufficient to create organizational standing).

**STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Judgment on the pleadings is proper where there are no disputed issues of fact and only questions of law remain.[4] The standard for Rule 12(c) motions is identical to the standard for motions under Rule 12(b).[5]

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.[6] "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[7] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[8]

**ARGUMENT**

Standing is a constitutional prerequisite to suit, consisting of three elements: (1) an injury in fact,[9] (2) that is fairly traceable to the defendant's alleged conduct,[10] and (3) that will likely be

---

[4] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (citing *Voest–Alpine Trading USA Corp. v. Bank of China,* 142 F.3d 887, 891 (5th Cir. 1998)) (internal quotation marks omitted).

[5] *Waller v. Hanlon*, 922 F.3d 590, 599, 603 (5th Cir. 2019) (reviewing appeal from order on motion for judgment on the pleadings, and, in relevant part, reversing the portion of the district court's order declining to dismiss the plaintiffs' claim to declaratory relief because the district court erred in failing to find that the plaintiff lacked Article III standing); *see also Roca Resource Co., Inc. v. Devon Energy Production Co., L.P.*, No. 4:14-CV-085-DAE, 2015 WL 4479249, at *4 (W.D. Tex. July 22, 2015) ("ROCA's lack of standing also makes judgment on the pleadings proper.") (collecting cases dismissing claims for lack of standing on motions for judgment on the pleadings).

[6] *See, e.g., Moore v. Bryant*, 853 F.3d 245, 248–49 (5th Cir. 2017).

[7] *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).

[8] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).

[9] *See Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (explaining that the first element of standing requires a plaintiff to show an actual or imminent, concrete and particularized injury-in-fact).

[10] *See Simon v. Eastern Ky. Welfare Rts. Org.,* 426 U.S. 26, 41–42 (1976) (explaining that the injury must be fairly "trace[able] to the challenged action of the defendant, and not [an] injury that results from the independent action of some third party not before the court.").

redressed[11] by a favorable court decision.[12] Because all three elements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of litigation."[13]

"In a limited set of circumstances, Article III permits organizations 'to sue on their own behalf for injuries they have sustained.'"[14] Organizations may establish standing "to sue on [their] own behalf if [they] meet[] the same standing test that applies to individuals."[15] Most relevant here, to establish an injury in fact, an organization must show the challenged law or policy "perceptibly impair[s] the organization's ability to carry out its mission."[16]

Such injury must also be "concrete and demonstrable . . . to the organization's activities—with the consequent drain on the organization's resources—constitut[ing] far more than simply a setback to the organization's abstract social interests."[17] Not every diversion of resources made to counteract a defendant's conduct is an injury, especially not those redirected to litigation or legal counseling.[18]

Here, DSA has not pleaded an organizational injury because it fails to show that the challenged executive order or campus policies impair its mission. DSA describes its mission as "establishing an

---

[11] *See Friends of the Earth, Inc.*, 528 U.S. at 181 (explaining that a plaintiff must show that "it is likely, as opposed to merely speculative," that the injury will be redressed by the relief requested).

[12] *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992).

[13] *El Paso Cnty., Tex.*, 982 F.3d at 338 (quoting Lujan, 504 U.S. at 561).

[14] *Deep South Ctr. for Env. Justice v. EPA*, No. 24-60084, p. 8 (5th Cir. May 21, 2025) (quoting *Havens Realty*, 455 U.S. at 379 n.19).

[15] *El Paso Cnty., Tex.*, 982 F.3d at 343 (quoting *Ass'n of Cmty. Orgs. For Reform Now v. Fowler*, 178 F.3d 350, 356 (5th Cir. 1999).

[16] *Id.* at 344 (internal quotations omitted); *see also N.A.A.C.P. v. City of Kyle, Tex.*, 626 F.3d 233, 238 (5th Cir. 2010) ("[A]n organization may establish injury in fact by showing that it had diverted significant resources to counteract the defendant's conduct; hence, the defendant's conduct significantly and 'perceptibly impaired' the organization's ability to provide its 'activities'").

[17] *Havens Realty Corp.*, 455 U.S. at 379.

[18] *N.A.A.C.P.*, 626 F.3d at 238; *see also OCA-Greater Houston v. Texas,* 867 F.3d 604, 611 (5th Cir. 2017) ("It is fundamental that no plaintiff may claim as injury the expense of preparing for litigation, for then the injury-in-fact-requirement would pose no barrier.").

openly democratic socialist presence in American communities and politics."[19] Yet, DSA fails to provide any basis to conclude that "advocacy for Palestine" is germane to its mission of establishing socialism in American communities. Nor has DSA pleaded any need to divert resources in response to GA-44 or any campus policies. This matters because DSA's only remaining claim is a facial challenge under the First Amendment. Dkt. 20, ¶¶ 81–97.

DSA can seemingly only assert an "abstract social interest" in the public debate about the conflict between Israel and Hamas. But as the Fifth Circuit recently reiterated in *Deep South Ctr. for Env. Justice*, an organizational plaintiff's opposition to a defendant's conduct, "no matter how intense, [only] amounts to 'a setback to [its] abstract social interests,' which has never sufficed to confer standing."[20] The Court should dismiss DSA's remaining claim for lack of subject-matter jurisdiction.

## CONCLUSION AND PRAYER

Defendants respectfully request that the Court dismiss DSA's claim against them because DSA has failed to establish standing. The Court should dismiss the claim with prejudice because DSA cannot show—at least not consistent with its obligations under Federal Rule of Civil Procedure 11—that GA-44 or any challenged campus policy would perceptibly impair its mission of establishing socialism in America.

Dated: May 29, 2025                    Respectfully submitted,
      Austin, Texas

**KEN PAXTON**                         **KIMBERLY GDULA**
Attorney General of Texas              Chief, General Litigation Division

**BRENT WEBSTER**                      */s/ Cole P. Wilson*

---

[19] *About Us*, DSA, https://www.dsausa.org/about-us/; *see also* ECF. 20, ¶¶ 51, 58.

[20] No. 24-60084, p. 9 (*quoting Havens Realty*, 455 U.S. at 379); *accord Military-Veterans Advocacy v. Sec'y of Veterans Affairs*, 7 F.4th 1110, 1129 (Fed. Cir. 2021) ("'[The organization's] injury . . . cannot be merely ideological, meaning that damage to the 'special interest' of an organization does not qualify as an injury in fact; otherwise, 'there would appear to be no objective basis upon which to disallow a suit by any other bona fide 'special interest' organization, however small or short-lived.'") (quoting *Sierra Club v. Morton*, 405 U.S. 727, 739 (1972)).

First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**AUSTIN KINGHORN**
Deputy Attorney General for Civil Litigation

**COLE P. WILSON**
Attorney-in-charge
Texas State Bar No. 24122856
Cole.Wilson@oag.texas.gov

**TODD DICKERSON**
Texas State Bar No. 24118368
Todd.Dickerson@oag.texas.gov

**MELISSA B. HOSTICK**
Texas State Bar No. 24128832
Melissa.Hostick@oag.texas.gov

Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 936-1309 | Fax: (512) 320-0667

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the document above was served on all counsel of record who have entered an appearance on May 29, 2025, using the Federal Court CM/ECF system.

*/s/ Cole P. Wilson*